UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

NICOLE VERGARA and BELLA 77 CORP.

   *Plaintiffs,*          Case No.

                  Judge:

  -against-

TOWN OF BABYLON, NY, TIMOTHY BESEMER, individually and in his official capacity as Chief Building Inspector of the Town of Babylon; ELIZABETH WHITE, individually and in her official capacity as Deputy Commissioner, Planning and Development, Building Division, of the Town of Babylon; RACHEL SCELFO, individually and in her official capacity as Commissioner, Planning & Development, Building Division, of the Town of Babylon; JOSEPH WILSON, individually and in his official capacity as Town Attorney of the Town of Babylon; and JERRY GUARINO, individually and in his official capacity as an Assistant Town Attorney of the Town of Babylon; John and Jane Does 1-10[*]

   *Defendants.*

**DECLARATION OF RICHARD ROSENTHAL IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

------------------------------------------------------------------x

  I, Richard Rosenthal, declare under penalty of perjury that the facts contained in Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction are true and correct to the best of my knowledge.

1. Assistant Town attorney, Jerry Garguilo, told me, on multiple occasions[1], in sum and substance, that Plaintiff "operated for 12 years without a Certificate of Occupancy, and used

---

[1] The first time was when we met at the Town Attorney's office to discuss whether this matter might be resolved without necessity for litigation and the second time was on the phone when I called to request the last adjournment of the "hearing" when Nicole Vergara had to leave for Florida due to a family emergency

every means possible to fight us, and she should get down on her knees and thank us, instead she is trying to open another store, and we will not allow it."

2. The same Town Attorney told me that if Plaintiff ever does get the Certificate of Occupancy, she will be under a microscope.

3. On October 18, 2021 on behalf of Plaintiff, I sent a letter (Exhibit 12) to the Town of Babylon informing the Town that we required documents and information on the Town's hearing procedures, and thus required an adjournment of the hearing.

4. I asked the Town to provide me with a citation in the Babylon Town Code which would inform about the procedural rules for the hearing.

5. I also asked the Town to provide me with a copy of the exact violations the Town was alleging were committed by Plaintiff.

6. I also requested the dates, times, and places of the alleged unauthorized sale and/or advertising of prohibited merchandise, and the exact merchandise alleged to have been sold or advertises, and the exact manner in which the Town became aware of the alleged unauthorized sale or advertising, along with a copy of the complaint.

7. Additionally, I asked the Town to provide me with a copy of the exact violations being alleged, including the dates, times and places of any alleged false statement or misrepresentation as to a material fact in the permit application including what material fact Ms. Vergara was alleged to have made a false statement or misrepresentations regarding.

8. I asked the Town to inform me of who will be presiding over the hearing, whether there will be a record of the proceedings, who will be acting as prosecutor, what the quantum of proof required is, and who bears the burden of proof and burden of persuasion, and where he could find the rules of evidence applicable to such a hearing.

9. Defendants have never responded to any of these requests

10. On November 4, 2021, the Town of Babylon Chief Building Inspector Timothy Besemer sent an "Amended Notice" (Exhibit 15) to Ms. Vergara via me.

11. The Amended Notice again stated that Plaintiff's "Building Permit [ ] is in jeopardy of being revoked," and that there would be a hearing on November 17, 2021 "pursuant to Town Code Section 89-26 * * * ."

12. The Amended Notice also stated the purpose of the hearing was to determine,

    a. "whether there was an unauthorized sale and/or advertising of prohibited merchandise during the term of the permit * * * ."

    b. Whether there was "a false statement or misrepresentation as to a material fact in the application, plans, or specifications on which the building permit was based;

    c. "any other finding pursuant to Chapter 213 or Chapter 89 of the Town Code."

13. The Amended Notice stated,

> [O]n or about October 4, 2021 and continuing thereafter, the owner and/or person in charge of the abovementioned property did cause, permit, or allow the advertising and/or sale of adult paraphernalia and/or adult entertainment as a substantial or significant portion of its business, merchandise, stock-in-trade without maintaining a valid building permit or certificate of occupancy issued by the Town for an adult use.

14. Enclosed in the Amended Notice were seven photographs, purportedly "of the above-referenced advertisements and/or stock in trade."

15. I sent a second letter (Exhibit 16) to the Town on November 9, 2021 again requesting the same information I sought in the first letter, and which the Town Attorney Joseph Wilson had promised would be provided.

16. To date, Defendants still have not responded or provided any of the information I requested.

17. The November 17, 2021 hearing was again continued until December 14, 2021 at the plaintiff's request, due to Plaintiff having to travel for a family emergency.

18. Because Defendants have not provided any rules and procedures for the hearing, or anything suggesting that they either had probable cause to believe she had committed any acts that would justify revoking the building permit, or had no witnesses they intended to have testify regarding the alleged issues, it appeared that the "hearing" was merely a pretext to question the Plaintiff Nicole Vergara in order to create a basis to revoke the building permit, and I, after discussing the matter with Ms. Vergara, sent a letter (Exhibit 18) to the Town invoking her Fifth Amendment rights.

19. On November 30, 2021 I provided each of the Defendants with a copy of the complaint, the Exhibits, the Notice of Motion and my Declaration, along with yet another offer to meet and confer to see if there was a possible accommodation that would permit us to dispense with the necessity for the instant motion, and on December 1, 2021 I provided each of the defendants with a copy of the Plaintiff Nicole Vergara's Affidavit and the verification of the complaint, prior to filing the instant proceeding.

Executed this 30th day of November 2021, at New York, New York.

/s/
_____
RICHARD BRUCE ROSENTHAL