

# Richard B. Rosenthal, Esq

25 February 2022

Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

**Re:   Case No. 21-cv-06667, Vergara v. Town of Babylon**

Dear Magistrate Lindsay:

I represent the plaintiffs in the above matter. and request a pre-motion conference in the above matter regarding a possible conflict that would necessitate a motion pursuant to 28 U.S.C. § 455 & 144.

Part of the instant proceeding seeks to invalidate, as unconstitutional, certain ordinances of the Defendant Town of Babylon that are, in part, based upon studies and data compiled by the Town of Huntington, which data is specifically referenced in the ordinance. Plaintiffs intend to show that the Huntington data was not properly collected, the studies were faulty, and the reliance by the Town of Babylon on those studies was unreasonable. Those claims will rely heavily on digging into the work quality and supervision of the studies done in Huntington.

We are fairly sure the Huntington Town Attorney's office was instrumental in compiling the study. Your Honor is a past Town Attorney of the Town of Huntington, NY — and the critiques we intend to level, even if they do not critique Your Honor's work product directly, will relate to the Court's former colleagues, office practices, and so on.   That seems likely to pose an actual conflict (and fairly judging one's former colleagues is not easy, in either direction) — but even if there is not an actual conflict in this case, there is likely at least an appearance of impropriety.

545 E. Jericho Turnpike
Huntington Station, New York 11746

(PH) 631-629-8111 or 718-261-0200
(FAX) 631-961-8789 or 718-793-2791

rbrosenthalesq@optonline.net
richard@thedoglawyer.com

As there have been no proceedings before your Honor and our preliminary conference is not to be held until March 9, 2022, there would be no additional burden on the Court were your Honor, in an abundance of caution to request this matter be reassigned.

I therefore respectfully request a brief conference so that we can sort out whether the timing at the Huntington Town Attorney's office involved the relevant overlap (whether directly with the Court's tenure, or just with other staff the Court may be familiar with), and also figure out whether some expedited discovery on this issue (for example, figuring out whether the Huntington Town Attorney's office was involved with the study in the first place) is appropriate prior to the Court making any decision (or Plaintiff making a formal motion). We think this can be done productively at the same time as the preliminary conference of March 9 2022 to consider this issue.[1]

Thank you very much for your consideration of this request. If Your Honor has any questions, please feel free to contact me.

Respectfully submitted,

/s/

Richard Bruce Rosenthal

---

[1] Of course, the Court, in its discretion, can always *sua sponte* conclude that rather than getting to the bottom of the exact facts here to determine if there is *in fact* impropriety, the appearance of potential impropriety is sufficient to reassign the case.