

May 16, 2022

Hon. Kiyo A. Matsumoto, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201
By Electronic Filing.

   Re: Case No. 21-cv-06667, Vergara v. Town of Babylon

Dear Judge Matsumoto:

  My firm — with other counsel who have appeared — represents the Plaintiffs in the case above. I write under the Court's Chambers Practice III(B)(3) to request a pre-motion conference on Plaintiffs' anticipated motion for partial summary judgment. Per the Court's Practices, attached is a Local Rule 56.1 statement (cited as "56.1 ¶ __" below), along with documents supporting the assertions therein.[1]

  Plaintiffs intend to move for partial judgment, solely as to liability (*cf. Rodriguez v City of NY*, 31 NY3d 312, 323-324 (2018) (discussing, with approval, such motions)), on four claims: their First Amendment printed materials claim (Count I), their Taking and Reverse Spot Zoning claim (Count II), their Due Process claim related to the noticed and ultimately abandoned hearing (Count III), and their Equal Protection claim based on a class of one theory (Count IX). Plaintiffs believe all other claims need further discovery for a motion in either direction.[2] Since Defendants have admitted — or effectively admitted — all facts necessary to find liability, this motion serves to reduce the number of "questions submitted to the jury," narrow potentially expensive and expansive discovery, and "focus[] the jury on questions and issues that are in dispute." *Rodriguez*, 31 NY3d at 323-324; *see also*, Fed. R. Civ. P. 56(b) (a party may file for summary judgment "at an time"); *Metropcs Wireless v Metro Pcs Wireless*, 2009 US Dist LEXIS 150373, at *5 (EDNY Dec. 7, 2009) (noting "[s]ummary judgment may be justified even before any discovery has taken place").

## DISCUSSION

  The story of this case is a long one — difficult to tell in three pages. But what is at issue in this motion is relatively simple. In short, Plaintiffs run a shop in the Town of Babylon. They also used to run a different shop — that the Town successfully shut down. The old shop sold and advertised itself as selling adult novelties. The new shop largely sells lingerie. Defendants, using an absolute mess of a statute,[3] imposed a unique condition in their jurisdiction on Plaintiffs: Plaintiffs

---

[1] As noted in the 56.1 itself, one of those attachments is a version of the Complaint that Plaintiffs have marked up so that admitted paragraphs appear in green, denied paragraphs in red, and anything else in yellow — to make reviewing things simpler. 56.1 ¶ 1 n.1.
[2] The parties discussed this motion with Magistrate Judge Tiscione at the initial pre-trial conference, and Judge Tiscione set a control date to discuss whether any efficiencies can be achieved by staying some portions of discovery pending resolution of this motion.
[3] Consider, when faced with hypotheticals, Defendants cannot seem to even figure out where the statute applies — and seemingly give inconsistent answers about the statute's meaning. *See generally* FAC ¶¶ 124-169;



could not sell *any* "adult" goods defined in the statute while anyone else could sell such goods as long as the amount was not "substantial." Then, citing nothing at all — and later, citing outdated photographs of the old store — Defendants refused to perform their ministerial duty to issue a certificate of occupancy for months. Defendants largely admit the entire story (*see* 56.1 Ex. 1). So, at least as to liability, Plaintiffs are entitled to judgment (or, perhaps visa-versa[4]; *see* Fed. R. Civ. P. 56(f)).

### I. Plaintiffs are entitled to judgment on their First Amendment printed materials/prior restraint claim.

Plaintiff's Count I presents a traditional prior-restraint theory. In short, Defendants, in forcing Plaintiff to sign the affidavit (56.1 ¶¶ 13-18), applied a prior restraint to Plaintiff's sale of traditional first amendment materials (that is, DVDs, books, and so on). *See generally, Bantam Books, Inc. v Sullivan*, 372 US 58, 70 (1963). Any such system bears "a heavy presumption against its constitutional validity." *Id*; *see, also, e.g., High Ol' Times, Inc. v Busbee*, 456 F Supp 1035, 1041 (ND Ga 1978). The statute at issue here — as applied through the affidavit — specifically bans a massive swath of "DVDs, CDs or computer games and videotapes" (§ 213-377(A)) along with "books, magazines, periodicals, photographs or other printed matter which are characterized by an emphasis on depiction or description of specified sexual activities" (§ 213-377(B)). These prior restraints are simply unconstitutional.

### II. Plaintiffs are entitled to judgment on their Takings and Reverse Spot Zoning claims.

Plaintiffs have two distinct claims in Count II: a pure Takings claims for Defendants' refusal to issue the Certificate of Occupancy and a Reverse Spot Zoning (a different species of Takings claim) claim for Defendants' imposition of the unique no adult materials restriction on Plaintiffs.

On the first, the Federal and State Constitutions both forbid the taking of property without just compensation. Defendants admit that Plaintiffs had a right to possess and use their parcel (56.1 ¶¶ 11-12); that Plaintiffs satisfied all pre-conditions to receive the Certificate of Occupancy as of October 1, 2021 (*id*. ¶¶ 23-25); that the refusal to issue it prevented Plaintiffs from using their parcel (*id*. ¶ 52); and that despite the fact that local law required them to issue the Certificate within 10 days of October 1, they refused (*id*. ¶¶ 53-54). As the Supreme Court has explained, a Taking occurs when the government imposes a disproportioned burden on a particular person for the benefit of all — for example, designating Penn Station as a landmark "imposed a substantial cost on less than one one-tenth of one percent of the buildings in New York City for the general benefit of all its people." *Penn Cent. Transp. Co. v New York City*, 438 US 104, 147 (1978). That is, "if regulation goes too far it

---

*compare* Ans. ¶¶ 155-56 (saying "packers" and a vaginal dilators — both medical tools — are "ADULT PARAPHERNALIA" under the statute and that a store that sold them would be an ADULT NOVELTY SHOP); *with* Ans ¶ 157 (denying that the same store would be an ADULT STORE even though "packers" obviously "bear a practical resemblance to human sex organs."); *and also with* Ans ¶¶ 132-136; 138-139; 141-144; 146-48; 150-153 (denying information Defendants can figure out whether hypotheticals would violate the statute).

[4] There is some space in some of the claims for facts that are not admitted to push Plaintiffs' claims past the line. But in others — the pure Takings claim, for example — no further relevant facts are in dispute. Either a Taking took place when Defendants refused to issue the Certificate for months or it didn't.

COHEN&GREEN                                     Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



will be recognized as a taking." *Cedar Point Nursery v Hassid*, ___US___ , ___, 141 S Ct 2063, 2072 (2021).  Here, refusing to comply with their undisputed ministerial duty to issue the Certificate for months — admittedly until they faced a Federal hearing — goes "too far."

Reverse spot zoning is even simpler.  "Reverse spot zoning is a land-use decision which arbitrarily singles out a particular parcel for different, less favorable treatment than the neighboring ones." *Matter of C/S 12th Ave. LLC v City of NY*, 32 AD3d 1, 9 (1st Dept 2006).  And because "'spot zoning' is the very antithesis of planned zoning" (*id.*), when used to the detriment of a single parcel, it constitutes a Taking.  Here, Defendants have admittedly imposed a unique restriction — that Plaintiffs were required to affirm they would sell *no* adult products (56.1 ¶ 14) when every other parcel only faces a restriction on "substantial" sales (*see, e.g.,* Town. C. § 213-377(A)) — on Plaintiffs, to their detriment.  That is sufficient for liability.

### III. Plaintiffs are entitled to judgment on their Due Process claims.

A Due Process claim requires a plaintiff to show two things:  (1) a protected interest and (2) inadequate protections.  *Ford Motor Credit Co v. N.Y. City Police Dep't*, 503 F.3d 186, 190 (2d Cir. 2007).  Defendants served notice of a hearing that did not contain any information about the purported violations, and Defendants contend explicitly they are not required to include such information.  56.1 ¶¶ 31-34.  Even after requests, Defendants refused to provide the rules for the hearing and so on, and in an amended notice, admitted they were investigating "violations" that allegedly took place at the previous store (by including pictures from before the new store existed) — not the one they intended to revoke the permit for.  56.1 ¶¶ 35-51.  Those facts — along with the other ways the noticed hearing fell short — fail to comport with Due Process requirements, and give rise to liability (but obviously, leave open the question of the appropriate remedy).

### IV. Plaintiffs are entitled to judgment on their class of one claim.

To prevail on a class of one claim under the Equal Protection Clause, a plaintiff must show "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v Olech*, 528 US 562, 564 (2000). Defendants admit they did not treat a Spencer's Gifts — a functionally identical national chain — the same way they treated Plaintiffs.  56.1 ¶¶ 60-67.

That is, Spencer's Gifts sells all the same kinds of "adult" products Plaintiffs do.  56.1 ¶ 62.  They have done so historically, and are well known for it:  their own website proclaims "If you're looking for sex toys for women and men, Spencer's is your best bet."[5]  And there is now a Spencer's Gifts *literally* across the street from Plaintiffs' store.  56.1 ¶ 60.  Yet, Defendants have not taken *any* of the steps they took to stop Plaintiffs from opening.  They did not modify paperwork.  56.1 ¶ 66.  They did not force them to sign any affidavits.  56.1 ¶ 63.  They did not demand an inventory list.  56.1 ¶ 64.  And they did not subject them to any proceedings.  56.1 ¶ 65.  There is no conceivable rational basis for this different treatment (certainly, there is no legitimate government interest in treating national retailers better than local ones).  And so, Plaintiffs are entitled to judgment here too.

---

[5] "Shop Sex Toys," Spencer's (accessed Feb. 21, 2022), available at https://www.spencersonline.com/section/naughty/2352.uts.

COHEN&GREEN    Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



### Request to File Under Seal

  Plaintiff also intends to seek the Court's permission to file links to the videos attached to the Vergara Declaration as Exhibit 1 under seal, as the videos incidentally include Ms. Vergara's minor children.  Since this is still in the pre-motion letter stage, Plaintiffs have omitted the exhibit, but will submit a copy in whatever manner the Court prefers if it would like to consider those videos prior to full briefing.

  As ever, we thank the Court for its time and attention.

                   Respectfully submitted,

                     /s/
                   _____

                   J. Remy Green
                     *Honorific/Pronouns: Mx., they/their/them*
                   **COHEN&GREEN P.L.L.C.**
                   *Attorneys for Plaintiff*
                   1639 Centre St., Suite 216
                   Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com