

# Richard B. Rosenthal, Esq

25 May 2022

Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
By Electronic Filing.

Re: Vergara et. al. v. Town of Babylon, NY et. al., No. 2:21-cv-06667-KAM-ST

Dear Judge Matsumoto:

    My firm, along with the other listed counsel, represent the Plaintiff in the matter above. I write to request permission to submit an exhibit consisting of two links to video recordings, under seal, as the videos, which are necessary to the Plaintiff's proofs on its proposed motion for partial summary judgment, clearly show the faces and voices of the Plaintiff's minor children and cannot reasonably be redacted.

    To prove Plaintiff's class of one claim it is necessary to demonstrate that the Town treats Spencer's Gifts, which is situated exactly the same as Plaintiffs, entirely differently. The Exhibit sought to be filed under seal consists of video recordings of a visit to Spencer's Gifts, made by plaintiff, which clearly depicts that Spencer's Gifts openly and notoriously offers for sale a large number of sex toys (both as that term is commonly used as it is defined under the Babylon Town Code), and that such sex toys are available to be examined and (presumably) purchased by children. In order to demonstrate both the similarity of merchandise and this disparate treatment the faces and voices of the Plaintiff's minor children clearly appear in the recordings. Plaintiff seeks to file the links (and by extension the underlying videos) under seal to avoid making the videos public.

    The Second Circuit has held that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).

    In order to seal such judicial documents the Court must determine, based on "specific, on the record findings," that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest.". Protecting personally identifiable information about a minor child is a higher value that overcomes the First Amendment presumption of access. (See Fed. R. Civ. P. 5.2(a).

545 E. Jericho Turnpike
Huntington Station, New York 11746

(PH) 631-629-8111 or 718-261-0200
(FAX) 631-961-8789 or 718-793-2791

rbrosenthalesq@optonline.net
richard@thedoglawyer.com

Courts routinely seal documents that "contain some personally identifiable information about a minor child." (*Lukic v Elezovic*, 2021 US Dist LEXIS 10796, at *3 [EDNY Jan. 20, 2021, No. 20-CV-3110 (ARR) (LB)]).

In *Stein v. Needle*, No. 3:19-cv-1634-VLB, 2022 U.S. Dist. LEXIS 89540 (D. Conn. Jan. 14, 2022) the Court found clear and compelling reasons justify sealing the names of minor children **as they are of no consequence to the ultimate adjudication of the case** and children's names are routinely subject to sealing. (emphasis added)

The Court in *Gay v. Cobb Cty.*, No. 1:16-cv-02539, 2019 U.S. Dist. LEXIS 184543 (N.D. Ga. Oct. 25, 2019) found the public right of access is similarly outweighed by legitimate privacy interests. to seal contain audio and video depictions and references of a minor child.

If the Court would like, Plaintiffs are happy to provide an unsealed document that describes the two videos (and happy to meet and confer with Defendants to try to stipulate to an accurate description) so the public is not prejudiced in accessing the relevant information from these videos.

Understanding that the ECF system seals this entry, the Exhibit (consisting of links to the 2 recordings) — which we are asking permission to file under seal — is attached as Exhibit 1.

As ever, we thank the Court for its time and consideration.

Respectfully submitted,

/s/ Richard Bruce Rosenthal
Richard Bruce Rosenthal
*Attorney for Plaintiff*
545 E. Jericho Turnpike
Huntington Station, NY 11746
(631) 629 - 8111