**WILLIAM D. WEXLER**
**ATTORNEY AT LAW**
**816 DEER PARK AVENUE**
**NORTH BABYLON, NEW YORK 11703**
(631) 422-2900

<u>Via ECF</u>

June 2, 2022

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Vergara, et al. v. Town of Babylon, et al.
              21-CV-06667-KAM-ST

Dear Judge Matsumoto:

      I represent the defendants in connection with the above-referenced case and respectfully submit this response to plaintiffs' request for a pre-motion conference pursuant to Your Honor's Rule III(b)(3) as they seek to move for partial summary judgment with respect to liability on four of the claims asserted in the complaint. At the outset defendants urge that the request is premature given that there has been no discovery. In fact, an initial conference before the Magistrate Judge was only recently held on April 26, 2022 at which time the discovery schedule was ordered to be completed by January 26, 2023. (Defendants have served document demands on plaintiffs). Moreover, not only have there been no depositions nor document exchanges, but more problematically much of plaintiff's Rule 56.1 statement cites to the pleadings in this case since no evidentiary record has been developed. In light of the history between the parties – which will be fully fleshed out during the discovery process – the current posture of the case is uniquely ill-suited to summary disposition of any claims asserted by plaintiff. Indeed, plaintiffs imply as much about the deep factual background when counsel states in their pre-motion letter that "[t]he history of this case is a long one – difficult to tell in three pages." Defendants would add to that observation by pointing out the litany of factual questions which are yet to be examined through the discovery process.

      Turning to briefly address the causes of action raised in plaintiffs' current request to move for summary judgment, plaintiffs claim that they are entitled to judgment on their "First Amendment printed materials/prior restraint claim." In fact, defendants will show that the Town has taken affidavits from applicants before to assure that there will be no violations of the Town Code or other applicable laws at any premises. It is submitted that there was not a blanket ban of sales for certain items but rather a zoning restriction as to where those sales may take place within the Town. The context of this claim asserted by plaintiffs is actually framed more accurately in a

zoning context and not a First Amendment context, since defendants do not prohibit the sale of the items in question but rather provide an area where those transactions are permitted. It is to be emphasized that plaintiffs chose to move to the location in question – there was no change of zone as a consequence of her choosing that site. In any event even accepting that plaintiffs have stated a colorable First Amendment claim, the defendants' position is that the affidavit in question was legitimately connected to the proper enforcement of the Town Code as respects plaintiff's location and does not at all constitute a prior restraint such as that imposed by the Commission in Bantam Books, Inc. v. Sullivan, 372 U.S. 58 (1963). Of course, defendants will prove the validity of its position, in part, through an orderly discovery process. See e.g. TJS of N.Y., Inc. v. Town of Smithtown, 598 F.3d 17, 21 (2d Cir. 2010)(noting that local governments may limit the location of adult entertainment establishments for legitimate public purposes).

Plaintiffs also urge that they can appropriately move for summary judgment before discovery on their cause of action for a taking and reverse spot zoning. Defendants simply note that plaintiffs received the certificate of occupancy for their business and are in fact operating at their location. In addition, as noted above, plaintiffs opted to move into their current site – defendants did not alter their zoning code in response to the future or current presence of plaintiffs' business. Plaintiffs' attempt to conflate the affidavit requested by defendants with a claim of spot zoning is not only misplaced but further is an issue that can only be resolved after questions of fact are properly framed through discovery. Any suggestion that the complaint alone proves liability should not be countenanced.

Plaintiffs' due process claims are also not ripe for summary judgment treatment at this juncture. In the first place, plaintiffs' assertions in their 56.1 statement are based on incorrect legal presumptions. Defendants were never required to issue a notice tailored to plaintiffs' counsel's subsequent inquiries – and plaintiffs cite no authority for that proposition. Rather, the Fourteenth Amendment requires "notice and a hearing before property rights can be altered or terminated," Luessenhop v. Clinton County, 466 F.3d 259 (2d Cir. 2006). Defendants will show that the notices issued to plaintiffs were more than sufficient to pass constitutional muster. Despite that fact, even if there were some notice failure on defendants' part (which there was not) it is worthy of emphasis to note that a "violation of state law procedure does not by itself give rise to a federal due process violation." Morton v. Cty of Erie, 796 Fed. Appx. 40 (2d Cir. 2019).

Like the other claims presented in plaintiffs' request to move for partial summary judgment, the cause of action for a purported class of one equal protection violation is also peculiarly characterized by factual issues which will be the subject of discovery. See Rouston v. Town Bd. for Town of Skaneateles, 610 F.3d 55 (2d Cir. 2010)(the properties cited must be so similar that no rational person could see them as different). Again, plaintiffs cite to their own complaint as if this were a motion for judgment on the pleadings. The questions of whether Spencer's Gifts is a "functionally identical national chain," as well as whether Spencer's is an appropriate comparator for purposes of equal protection analysis are readily apparent. Whatever history defendants have with that business and its location also raise more questions than answers at this point, plaintiffs' allegations notwithstanding.

In sum, any motions for summary judgment – by any party- should await the orderly conclusion of discovery in the usual procedural course. It is respectfully submitted that a motion presented in the framework of plaintiffs' request at this juncture will be a costly and inefficient exercise that will needlessly tax the parties and the Court's resources and not serve the ultimate resolution of this case.

                                                Rectfully submitted,

                                                        s/

                                              William D. Wexler

WDW/cm

cc:      Richard B. Rosenthal. Esq.
          J. Remy Green, Esq.
          Michael Huth, Esq.
          Juanita Bright, Esq.