**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

NICOLE VERGARA and BELLA 77 CORP,

                *Plaintiffs*,

- against -

TOWN OF BABYLON, NY, TIMOTHY BESEMER, individually and in his official capacity as Chief Building Inspector of the Town of Babylon; ELIZABETH WHITE, individually and in her official capacity as Deputy Commissioner, Planning and Development, Building Division, of the Town of Babylon; RACHEL SCELFO, individually and in her official capacity as Commissioner, Planning & Development, Building Division, of the Town of Babylon; JOSEPH WILSON, individually and in his official capacity as Town Attorney of the Town of Babylon; and JERRY GUARINO, individually and in his official capacity as an Assistant Town Attorney of the Town of Babylon; John and Jane Does 1-10,

                *Defendants*.

**Case No. 21-CV-6667**

**DEFENDANTS' COUNTERSTATEMENT PURSUANT TO LOCAL RULE 56.1**

Defendants submit the following as their counterstatement under Local Rule 56.1, as a statement of material facts about which there is no genuine dispute:

**Parties.**

    1.    Plaintiff Nicole Vergara is the lessee of property located at 786 Grand Blvd., Deer Park, New York 11729 and the owner of Plaintiff Bella 77 Corp Defendants' Answer, Dkt. No. 23 ("Ans.") ¶ 16.[1]

**Defendants' Response**

    Not in dispute.

---

[1] Note: For ease of review, paragraph references are to the paragraph in the First Amended Complaint being denied or admitted, rather than the particular paragraph numbering in Defendants' answer. For further ease of review, a version of the Complaint that Plaintiffs have marked up so that admitted paragraphs appear in green, denied paragraphs in red, and anything else in yellow, is annexed as Exhibit 1.

1

2. Plaintiff Bella 77 Corp. is a corporation incorporated in the State of New York that does business under the tradename "Cupids Boutique". Ans. ¶ 17.

**Defendants' Response**

Not in dispute.

3. Defendant Town of Babylon, NY ("Town") is a municipality located in Lindenhurst, New York. Ans. ¶ 18.

**Defendants' Response**

Not in dispute.

4. Defendant Timothy Besemer is the Chief Building Inspector of the Town of Babylon. Ans. ¶ 19.

**Defendants' Response**

Not in dispute.

5. Defendant Besemer has final decision making authority as to building-related permits and certificates in the Town of Babylon. Ans. ¶ 20.

**Defendants' Response**

Not in dispute.

6. Defendant Rachel Scelfo is the Commissioner, Planning and Development, Building Division, of the Town of Babylon (for convenience, the "Building Commissioner"). Ans. ¶ 21.

**Defendants' Response**

Not in dispute.

7. Defendant Joseph Wilson is the Town Attorney of the Town of Babylon. Ans. ¶ 23.

**Defendants' Response**

Not in dispute.

***Background.***

8.      Adult printed and recorded material, such as that proposed to be offered by Plaintiff for sale, is a form of expression protected by the First Amendment to the Constitution of the United States.  Ans. ¶ 159.

**Defendants' Response**

Not in dispute.

9.      Defendants, through various statutes, restrict the sale of such material.  Ans. ¶¶ 95-100.

**Defendants' Response**

Not in dispute.

10.     Plaintiff has altered her behavior because of the statute.  Vergara Dec. ¶¶ 17-19.

**Defendants' Response**

Defendants dispute this contention.  Defendants cannot adequately rebut this assertion of fact without discovery.

11.     Plaintiffs have a constitutionally protected interest in utilizing their leased property, as long as it is in conformance with the law.  Ans. ¶ 184.

**Defendants' Response**

Not in dispute.

12.     Plaintiffs have a constitutionally protected interest in conducting business, as long as it is in conformance with the law.  Ans. ¶ 185.

**Defendants' Response**

Not in dispute.

***The Town alters Plaintiffs' Permit Application, and denies it based on the Town's alteration.***

13. On July 13, 2021, Building Commissioner Rachel Scelfo sent an email to plaintiffs' attorney and her building permit expediter stating that, in order to obtain a building permit, Plaintiffs would be required to submit an Affidavit as a supplement to their building permit application, and to amend her building permit application. Ans. ¶ 49.

**Defendants' Response**

Not in dispute.

14. The email from the Town of Babylon Commissioner of Buildings required the Plaintiffs to include the following in the affidavit, "stat[ement] that the premises will not be used as an 'adult use,' as defined in the Town of Babylon Town Code and that she does not intend to sell adult toys or novelties on the premises." Ans. ¶ 50.

**Defendants' Response**

Not in dispute

15. Defendant Scelfo, acting on behalf of the Town, required Plaintiffs to attach to their Affidavit, a list of items she intends to sell. Ans. ¶ 51.

**Defendants' Response**

Not in dispute

16. Defendant Scelfo, acting on behalf of the Town, also required Plaintiffs to include the language that they would "forego her CO [Certificate of Occupancy] should the Chief Building Inspector, upon inspection, determine that she is conducting an 'adult use' –as such use is defined in the Town of Babylon Town Code." Ans. ¶ 52.

**Defendants' Response**

Not in dispute

4

17.     Plaintiffs followed the instructions of the Town and submitted her revised plan and on August 3, 2021.  Ans. ¶ 54.

**Defendants' Response**

Not in dispute.

18.     Nicole Vergara mailed the mandated Affidavit and a notarized letter to the Town of Babylon informing the Town of the hardships caused by the closing of her store by the Town and their continuing delays in issuing permits to allow her to open her new store. Ans. ¶ 54.

**Defendants' Response**

Not in dispute.

19.     Attached to the letter was the required inventory of items she intended to sell.  Ans. ¶ 54; Dkt. No. 1-6.

**Defendants' Response**

Not in dispute.

20.     In the notarized letter, Plaintiffs gave in to the Town's demands, saying "I am willing to sign and notarized any and all of the affidavits which Commissioner Scelfo has sent me via email."   Ans. ¶ 55; Dkt. No. 1-6 at 1-2.

**Defendants' Response**

Not in dispute

21.     Attached to the letter was an affidavit in the form demanded, stating and committing that Plaintiffs would not sell adult toys or novelties on the premises.  Ans. ¶¶ 50; 54.

**Defendants' Response**

Not in dispute.

22. On August 5, 2021 the plaintiffs re-filed the "new" application with the Town of Babylon Building Division along with the required fee, for which the Town assigned a new application number (138586) and issued a receipt therefor. Ans. ¶ 56.

**Defendants' Response**

Not in dispute.

**The Town employs a process-free hearing to deprive Plaintiffs of their rights, instead of simply issuing the COO as the law requires.**

23. After the work on the Plaintiffs' premises was completed, on September 20, 2021, the Town of Babylon sent an inspector who inspected the premises and subsequently wrote out an "Inspection Request" with the "Inspector's Report" stating, "Final OK Obtain Fire Underwriters Cert." Ans. ¶ 58.

**Defendants' Response**

Not in dispute.

24. This Inspection Request was signed by "TB" — that is, Defendant Timothy Besemer, the Chief Building Inspector. Ans. ¶ 59.

**Defendants' Response**

Not in dispute.

25. On October 1, 2021, the New York Board of Fire Underwriters issued Nicole Vergara an Electrical Approval Certificate, which Plaintiffs filed with the Town of Babylon. Ans. ¶ 60.

**Defendants' Response**

Not in dispute.

26. On October 8, 2021 the Town of Babylon's Chief Building Inspector, Timothy Besemer mailed a letter to Ms. Vergara and her attorney, in regard to 786 Grand Blvd., Deer Park, NY 11729, SCTM# 0100-67-1-10.020, Building Permit # 2021-0978, (Exhibit 11) stating,

6

> The above referenced Building Permit [ ] is in jeopardy of being revoked. Please be advised that a hearing has been scheduled pursuant to Town Code Section 89-26 on <u>Tuesday, October 19, 2021</u> at 2:30PM in Town Attorney's Conference Room.
>
> The purpose of the hearing is to determine whether there was an unauthorized sale and/or advertising of prohibited merchandise during the term of the permit, or a false statement or misrepresentation as to a material fact in the application, plans or specifications on which the building permit was based, or any other finding pursuant to Chapter 213 or Chapter 89 of the Town Code.

Ans. ¶ 70.

**Defendants' Response**

Not in dispute.

27. The Town's code at §89-26 is the only section of the Town's code which addresses the hearing for the permit revocation.  Ans. ¶ 71.

**Defendants' Response**

Not in dispute.

28. Under, Section 89-26(A), Building Inspector has sole and unilateral authority to revoke a permit or approval issued under the provisions of this chapter in the following instances:

> (1) Where he or she finds that there has been any false statement or misrepresentation as to a material fact in the application, plans or specifications on which the building permit was based; or
>
> (2) Where he or she finds that the building permit was issued in error and should not have been issued in accordance with the applicable law; or
>
> (3) Where he or she finds that the work performed under the permit is not being prosecuted in accordance with the provisions of the application, plans or specifications; or
>
> (4) Where the person to whom a building permit has been issued fails or refuses to comply with a stop-work order issued by the Building Inspector.

Ans. ¶ 72.

**Defendants' Response**

Not in dispute.

7

29. The only information provided in the entire Code on the hearing for revocation of a building permit is contained in Section 89-26(B) of the Town Code. Ans. ¶ 73.

**Defendants' Response**

Not in dispute.

30. This Code section informs Plaintiffs that "[s]uch revocation shall take place after notice to the applicant and an opportunity for the applicant to be heard by the Building Inspector." Ans. ¶ 74.

**Defendants' Response**

Not in dispute.

31. The Town did not provide Plaintiffs with any specific facts or details related to the allegations against them. Ans. ¶ 70; Dkt. No. 1-11.[2]

**Defendants' Response**

Not in dispute.

32. The decisionmaker indicated in the notice is Timothy Besemer. *Id.*

**Defendants' Response**

Not in dispute.

33. The notice indicated that it would be Plaintiff's burden to show non-violation. *Id.*

**Defendants' Response**

Not in dispute.

34. The Town did not include any content as to the specific facts or allegations because it denies it is "required to provide Plaintiffs with specific facts and details related to the allegations against her." Ans. ¶ 76.

---

[2] Defendants concede the authenticity of the letter, so the letter's contents (at Dkt. No. 1-11) are therefore not in dispute. Thus, Plaintiffs submit the asserted facts are undisputable on the face of the letter.

**Defendants' Response.**

Defendants dispute this contention. The defendants' notice to the plaintiffs did provide sufficient notice to the plaintiffs. Comp. Exbs. 13 and 15.

35. The Town did not provide Plaintiffs with "meaningful notice and a meaningful opportunity to be heard before a neutral decision maker" because it denies that it is required to do so. Ans. ¶ 77.

**Defendants' Response**

Defendants dispute this contention. The defendants did provide plaintiffs with a meaningful notice and opportunity to be heard. The Town's designated hearing officer is the administrative officer to resolve such disputes. Comp. ¶ 20.

36. On October 18, 2021, in response to the October 8, 2021 Notice, Plaintiffs' attorney, Richard Rosenthal, sent a letter (Dkt. No. 19-18) to the Town of Babylon informing the Town that he required documents and information on the Town's hearing procedures, and thus required an adjournment of the hearing. Ans. ¶ 78.

**Defendants' Response**

Not in dispute.

37. Attorney Rosenthal asked the Town to provide him with a citation in the Babylon Town Code which would inform about the procedural rules for the hearing. Ans. ¶ 79.

**Defendants' Response**

Not in dispute.

38. He also asked the Town to provide him with a copy of the exact violations the Town was alleging were committed by Plaintiffs. Ans. ¶ 80.

**Defendants' Response**

Not in dispute.

9

39. He also requested the dates, times, and places of the alleged unauthorized sale and/or advertising of prohibited merchandise, and the exact merchandise alleged to have been sold or advertised, and the exact manner in which the Town became aware of the alleged unauthorized sale or advertising, along with a copy of the complaint. Ans. ¶ 81.

**Defendants' Response**

Not in dispute.

40. Additionally, he asked the Town to provide him with a copy of the exact violations being alleged, including the dates, times and places of any alleged false statement or misrepresentation as to a material fact in the permit application including what material fact Ms. Vergara was alleged to have made a false statement or misrepresentations regarding. Ans. ¶ 82.

**Defendants' Response**

Not in dispute.

41. Attorney Rosenthal asked the Town to inform him of who will be presiding over the hearing, whether there will be a record of the proceedings, who will be acting as prosecutor, what the quantum of proof required is, and who bears the burden of proof and the burden of persuasion, and where he could find the rules of evidence applicable to such a hearing. Ans. ¶ 83.

**Defendants' Response**

Not in dispute.

42. Defendants never responded to any of these requests. Ans. ¶ 84.

**Defendants' Response**

Not in dispute.

43. On November 4, 2021, Plaintiffs' attorney received an "Amended Notice" from Town of Babylon Chief Building Inspector Timothy Besemer (Dkt. 19-15) to Ms. Vergara. Ans. ¶ 85.

**Defendants' Response**

      Not in dispute.

44. The Amended Notice again stated that Plaintiffs' "Building Permit [ ] is in jeopardy of being revoked," and that there would be a hearing on November 17, 2021 "pursuant to Town Code Section 89-26."  Ans. ¶ 76.

**Defendants' Response**

      Not in dispute.

45. The second Amended Notice also stated the purpose of the hearing was to determine,

    a. "whether there was an unauthorized sale and/or advertising of prohibited merchandise during the term of the permit…;"

    b. Whether there was "a false statement or misrepresentation as to a material fact in the application, plans, or specifications on which the building permit was based;"

    c. "any other finding pursuant to Chapter 213 or Chapter 89 of the Town Code."

Ans. ¶ 87.[3]

46. The second Amended Notice stated,

> "[O]n or about October 4, 2021 and continuing thereafter, the owner and/or person in charge of the abovementioned property did cause, permit or allow the advertising and/or sale of adult paraphernalia and/or adult entertainment as a substantial or significant portion of its business, merchandise, stock-in-trade without maintaining a valid building permit or certificate of occupancy issued by the Town for an adult use.

Ans. ¶ 87.

**Defendants' Response**

      Not in dispute.

---

[3] There are inadvertently two paragraph 87s in the First Amended Complaint.  This citation is to the first Paragraph 87, while ¶ 46 cites the second.

11

47. Enclosed in the second Amended Notice were seven photographs, purportedly "of the above-referenced advertisements and/or stock in trade." Ans. ¶ 88.

**Defendants' Response**

Not in dispute.

48. The pictures referenced by, and attached to the Amended Notice, were screenshots taken off the internet from Plaintiffs' Instagram account, all of which had been posted to the account prior to the closing of Plaintiffs' previous store — and thus prior to the permit application. Vergara Dec. ¶ 22.

**Defendants' Response**

Defendants dispute this contention. Defendants cannot adequately rebut this assertion of fact without discovery.

49. Attorney Rosenthal sent another letter to the Town on November 9, 2021 again requesting the same information he sought in the first letter, and which the Town Attorney Joseph Wilson had promised would be provided. Ans. ¶ 90.

**Defendants' Response**

Not in dispute.

50. Defendants did not respond or provide any of the information requested. Ans. ¶ 91.

**Defendants' Response**

Not in dispute.

51. Instead, Defendants moved forward with scheduling a hearing without any notice to Plaintiffs, until Plaintiffs sought relief from the Court. Ans. ¶ 64.

**Defendants' Response**

Defendants dispute this contention. No hearing was ever held as plaintiffs refused to go forward with the hearing. Comp. Exbs. 12, 14, 16 and 18.

12

***Defendants refuse to perform their ministerial duty to issue the Certificate of Occupancy.***

52. Until a Certificate of Occupancy had been issued, Plaintiffs were not able to occupy and use the property. Ans. ¶ 65.

**Defendants' Response**

Not in dispute.

53. The Town Ordinance required the Certificate of Occupancy to be issued within 10 days after alterations are completed. Ans. ¶ 66.

**Defendants' Response**

Not in dispute.

54. More than ten days had elapsed since the Plaintiffs met the only remaining obligation by providing the Fire Underwriters Certificate to the Town, and, despite numerous requests by Plaintiffs, Defendants failed and refused to issue the Certificate of Occupancy, as required by the Code until the Plaintiffs' filed a motion seeking a preliminary and permanent injunction requiring the Town to issue the Certificate of Occupancy. Ans. ¶ 67.

**Defendants' Response**

Defendants dispute this contention. Town has reasons to believe that plaintiffs were violating Town Code. Comp. Exbs. 15, 16 ands 17.

55. As a condition for Plaintiffs to obtain the Certificate of Occupancy, the Building Permit required the Plaintiffs to obtain (1) a Town of Babylon Plumbing Permit; (2) a Final Survey; (3) a Fire Underwriters Certificate. Ans. ¶ 61.

**Defendants' Response**

Not in dispute.

56. Plaintiffs satisfied all of these conditions as of October 1, 2021. Ans. ¶ 62.

**Defendants' Response**

Not in dispute.

57. There are no additional prerequisites to issuing the Certificate of Occupancy required under local or State law. Ans. ¶ 63.

**Defendants' Response**

Not in dispute.

58. Despite that, Defendants did not issue the certificate of occupancy until December 2, 2021 — after Plaintiffs commenced suit and the Court set a briefing schedule on Plaintiffs' motion seeking a preliminary injunction. Ans. ¶ 64.

**Defendants' Response**

Not in dispute.

59. Defendants have not paid Plaintiffs any compensation — just or otherwise — for the time she was unable to use her property because of Defendants' refusal to issue the Certificate of Occupancy. Vergara Dec. ¶¶ 15-16.

**Defendants' Response**

Not in dispute.

***The Town treats Spencer's Gifts, situated exactly the same as Plaintiffs, entirely differently.***

60. A Spencer's Gifts store opened in the Tanger Mall directly across the street from Plaintiffs' store. Vergara Decl. ¶ 24.

**Defendants' Response**

Defendants dispute this contention. Defendants cannot adequately rebut this assertion of fact without discovery.

61. The parcel is zoned identically to Plaintiffs'. Ans. ¶ 274.[4]

---

[4] As discussed in the moving memorandum, "a party may not deny having knowledge or information if the necessary facts or data involved are within his knowledge or can easily be brought within his knowledge." *Sibley v Choice Hotels Intl., Inc.*, 304 FRD 125, 134 (EDNY 2015). Since a number of the allegations in this section are within

**Defendants' Response**

Not in dispute.

62. Spencer's Gifts sells a large number of sex toys (both as that term is commonly used as it is defined under the Babylon Town Code). Vergara Dec. ¶¶ 24-26; Ex. 1.

**Defendants' Response**

Defendants dispute this contention. Defendants cannot adequately rebut this assertion of fact without discovery.

63. Defendants did not make Spencer's Gifts sign similar affidavits to the one they forced on Plaintiffs. Ans. ¶ 277.

**Defendants' Response**

Not in dispute.

64. Defendants did not make Spencer's Gifts to provide lists of inventory they intended to sell as they required from Plaintiffs. Ans. ¶ 278.

**Defendants' Response**

Not in dispute.

65. Defendants have not threatened Spencer's Gifts with any proceedings. Ans. ¶ 279.

**Defendants' Response**

Not in dispute.

66. Defendants did not alter any of Spencer's Gifts' zoning or construction paperwork. Ans. ¶ 280.

**Defendants' Response**

Not in dispute.

---

Defendants' knowledge, Plaintiffs treat them as admitted. *See, e.g., Kule-Rubin v Bahari Group Ltd.*, 2012 US Dist LEXIS 29000, at *9 (SDNY Mar. 5, 2012) (noting that similar lack-of-knowledge asserts had "the effect of entitling plaintiffs to judgment on the pleadings on certain of their claims.")

**67.** Defendants did not intentionally refuse or otherwise delay the issuance of Spencer's Gifts' building permits or certificate of occupancy or otherwise delay their opening for business. Ans. ¶ 281.

**Defendants' Response**

Not in dispute.

**The Statute Fails to Provide First Amendment Safeguards.**

68. Because the materials sought to be provided for sale by Plaintiff arc protected by the First Amendment, any action to restrict that sale must contain adequate procedural safeguards. Ans. ¶ 163.

**Defendants' Response**

Not in dispute.

69. Defendants assert they may unilaterally compel the cessation or prevent the initiation of First Amendment activities in the absence of a judicial order to that effect. Ans. ¶ 164.

**Defendants' Response**

Not in dispute.

**Damages.**

70. It was Plaintiffs' intention to sell, as a small and non-substantial and non-significant portion of their business, related adult books, DVDs, toys, and novelties. Vergara Dec. ¶ 5.

**Defendants' Response**

Defendants dispute this contention. Defendants cannot adequately rebut this assertion of fact without discovery.

71. As a result of the threat of losing their certificate of occupancy for selling **any** materials the TOB may decide are adult toys or novelties, or not otherwise stated in her proposed inventory, plaintiff disposed of all adult materials — including books and DVDs — she had

16

intended to sell in the new store at a substantial pecuniary loss, and was placed in fear that any sale of any material relating in any way to adult sexual content or relations would be cause for the TOB to shut her down. Vergara Dec. ¶¶ 17-26.

**Defendants' Response**

Defendants dispute this contention. Defendants cannot adequately rebut this assertion of fact without discovery.

Dated:  North Babylon, New York
        June 2, 2022

/s/
_____
WILLIAM D. WEXLER, ESQ.
Attorney for Defendants
816 Deer Park Avenue
North Babylon, New York 11703
(631) 422-2900

TO:   RICHARD BRUCE ROSENTHAL
      Attorneys for Plaintiffs
      545 E. Jericho Turnpike
      Huntington Station, NY 11746

      J. REMY GREEN
      Cohen & Green P.L.L.C.
      Attorneys for Plaintiffs
      1639 Centre Street, Suite 216
      Ridgewood, NY 11385

      MICHAEL HUTH, ESQ.
      Attorney for Plaintiffs
      PO Box 17
      Bolivar, OH 44612

      JUANITA BRIGHT, ESQ.
      Attorney for Plaintiffs
      545 E. Jericho Turnpike
      Huntington Station, NY 11746