# WILLIAM D. WEXLER
## ATTORNEY AT LAW
### 816 DEER PARK AVENUE
### NORTH BABYLON, NEW YORK 11703
#### (631) 422-2900

February 14, 2025

Hon. Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: *Vergara, et al. v. Town of Babylon, et al.*
     *21-CV-06667-ST*

Dear Magistrate Judge Tiscione:

  The undersigned represents the Town of Babylon, Timothy Besemer, Rachel Scelfo and Jospeh Wilson (collectively "Town" or "defendants"), the defendants in the above matter. Pursuant to the Court's Individual Practice Rules, I am writing to request a pre-motion conference in connection with the Town's anticipated motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

  Plaintiffs own an adult shop located in the Town. Prior to that, plaintiff illegally owned and operated an adult store for approximately 12 years. Eventually, after numerous summonses and civil proceedings, plaintiffs closed the prior location and opened the instant location. Despite filing applications with the Town acknowledging that they would not be selling adult material. However, prior to the issuance of a Certificate of Occupancy plaintiffs began advertising the sale of adult material. Plaintiffs were given notice of a hearing concerning the potential loss of a building permit, at which plaintiffs failed to appear, and subsequently, a Certificate of Occupancy was not issued.

  Plaintiffs' First, Third, Sixth and Seventh Causes of Action allege various First Amendment violations such as unconstitutional prior restraints, that defendants have eliminated legally permissible opportunities to sell constitutionally protected materials, that the Town Code regulating sale of constitutionally protected materials is more extensive than necessary, and that the Town Code inhibits individual's right to engage in association to the advancement and beliefs and ideas.

  These claims (the Complaint's First, Third, Sixth and Seventh) fail as the courts have specifically held that municipalities have the right to impose location requirements for adult content. See *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963); *TJS of N.Y. v. Town of Smithtown*, 598 F.3d 17, 21 (2d Cir. 2010) (noting that local governments may limit the location of adult entertainment establishments for legitimate public purposes).

Plaintiffs' Fourth, Fifth, Eighth, Nineth and Eleventh Causes of Action allege that: the Town Code does not contain procedural safeguards, equal protection violations, gender discrimination, and retaliation. First, the Town Code, Chapters 213 and 89 provide individuals who may be in jeopardy of losing a building permit a hearing to permit them to present a defense to such loss. Second, Town Code, Section 93, permits an aggrieved party to appeal any decision of a commissioner or administrative employee. It is without question that the warning notices plaintiffs received were constitutionally valid. The notices contained a complete description of the allegations and advised that plaintiffs were in jeopardy of losing their building permit. The notices also stated that a hearing was scheduled before a Town official, consistent with the Town Code, before any determination was to be made. These claims are vulnerable to summary disposition and the notices were indeed received by plaintiffs. This circuit has held that "regardless of whether notice was reasonably calculated to reach a party, if a party receives actual notice that apprises it of the pendency of the action and affords an opportunity to be heard, the due process clause is not offended." Baker v. Lathan Sparrowbush Assocs., 72 F.3d 246, 254 (2d Cir. 1995). Plaintiffs failed to attend the hearing.

Plaintiffs' equal protection class-of-one theory that they were treated differently than a similarly situated competitor (Spencer's Gift Store) fails since the two were not similarly situated. Specifically, Spencer's was not located within 1,000 feet of a prohibited establishment. See Neilson v. D'Angelis, 409 F.3d 100, 115 (2d Cir. 2005) ("the comparators' circumstances must be prima facie identical").

Defendants will demonstrate that plaintiffs' substantive due process claim also fails. "To sustain a substantive due process claim, plaintiff must show governmental conduct that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscious." 20 Dogwood LLC v. Vill. Rosyln Harbor, 2024 U.S. App. LEXIS 88328823, 2024 WL 1597642 (2d Cir. 2024). The evidence adduced shows plaintiffs cannot meet that standard.

Defendants Timothy Besemer, Rachel Scelfo and Jospeh Wilson are personally named ("personal defendants"). They are entitled to qualified immunity. Under the doctrine of qualified immunity, governmental actors are "shield[ed] . . . from suits for damages . . . unless their actions violated clearly established rights of which an objectively reasonable official would have known." Zieper v. Metzinger, 474 F.3d 60, 67 (2d Cir. 2007); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Accordingly, it is respectfully requested that this Court schedule a pre-motion conference to address the issues raised herein and permit defendants to file a motion for summary judgment pursuant to FRCP 56.

Respectfully submitted,

William D. Wexler

WDW/cm

cc: Richard B. Rosenthal, Esq.